UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STOKES,<br><br>           Plaintiff,<br><br>    v.<br><br>AMEN CORPORATION,<br><br>           Defendant. | Case No. 1:22-cv-00565-JLT-CDB<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 9)<br><br>**14-DAY DEADLINE** |

      Plaintiff Michael Stokes initiated this action with the filing of a complaint against Defendant Amen Corporation on May 10, 2023. (Doc. 1). On May 11, 2022, the Court issued a summons, and on June 10, 2022, Plaintiff filed a notice of summons returned executed. (Doc. 5). After Defendant failed to timely respond to the complaint, Plaintiff moved for entry of default on August 9, 2022, and default was entered by the Clerk of the Court on the same day. (Docs. 6-7).

      Pending before the Court is Plaintiff's motion for default judgment, filed on October 19, 2022. (Doc. 9).[1] For the reasons set forth herein, the undersigned will recommend to the assigned district judge that the motion be granted.

///

---

[1] This matter is referred to the undersigned for issuance of findings and recommendations pursuant to Local Rule 302(c)(19).

**Background**

According to the allegations of his complaint, Plaintiff is a professional photographer and the legal and rightful owner of a photograph of Kyle Clark, a United States Army Captain, modeling in physician's attire with a hanging surgical facemask ("the Photograph"). The Photograph was registered to Plaintiff by the United States Copyright Office ("USCO") on October 15, 2015, under registration number VAu 1-222-629.  (Doc. 1 p. 5).

Defendant is the registered owner of a Facebook account associated with the Casablanca Night Club in Bakersfield, California (@CasablancaNightclubBakersfield) (hereinafter, the "Account"). (Doc. 9-7 p. 3). According to Plaintiff's complaint, the Casablanca Night Club conducts "Drag shows" and events with male performers on "stripper poles." The Account also contains paid advertisements through which Defendant draws profits. *Id*.

On March 14, 2022, Plaintiff visited Defendant's Account and found 11 separate posts advertising a "Medic Strippers" event that featured the Photograph, with five posts dated on February 21, 2018, two posts on February 22, 2018, three posts on February 24, 2018, and February 28, 2018. (Doc. 1 ¶27; Doc. 1-2). Plaintiff did not grant Defendant a license, authorization, or other permission to use the Photograph.  *Id.* ¶32.  It is evident that the Photograph was copied and used as a component of Defendant's promotional material.  *Id.* ¶35.

**Legal Standard**

In general, "default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).  Prior to entry of default judgment, there must be an entry of default.  *See* Fed. R. Civ. P. 55.  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam).  Where the damages claimed is a liquidated sum or ascertainable by mathematical calculation, the Court may enter a default judgment without a hearing.  *See Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.*, 2016 WL 9045622, at *10 (N.D. Cal.

Apr. 11, 2016), *F&R adopted*, 2016 WL 9180434 (N.D. Cal. May 2, 2016).

However, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07–4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)); *cf. DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that do no more than "parrot" the elements of a claim not deemed admitted). "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.") (per curiam). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff. *See Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") (citing cases).

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2688, at 63 (3d ed. 1998)). However, courts may decline to enter default judgment if a party's claims are legally insufficient. *Cripps v.*

*Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Aldabe*, 616 F.2d at 1092-93 ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant").

**Discussion**

### 1. Possibility of Prejudice to the Plaintiffs

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, this factor favors the entry of default judgment as Defendant has failed to participate in this action despite being properly served with the complaint and motion for default judgment. (Docs. 5, 7). *See J&J Prods., Inc. v. Gomez*, No. 1:10-cv-02249-LJO-JLT, 2012 WL 4936057, at *2 (E.D. Cal. Oct. 15, 2012) (applying *Eitel* factors and awarding default judgement in copyright infringement case), *F&R adopted*, 2012 5386270 (E.D. Cal. Nov. 1, 2012).

### 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

The second and third *Eitel* factors require the Court to consider the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. The Court considers these two factors together given the close relationship between the two inquiries. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1055 (N.D. Cal. 2010). These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *PepsiCo*, 238 F. Supp.2d at 1177.

Plaintiff alleges that Defendant violated 17 U.S.C. § 501 *et seq.*, and seeks damages under 17 U.S.C. § 504(c). Since this claim arises under federal copyright law, the Court finds that federal jurisdiction exists. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.")

"An owner of a copyright has the exclusive rights to authorize reproductions of the copyrighted work, prepare derivative works, display the copyrighted work publicly, and distribute

4

1  copies 'by sale or other transfer of ownership, or by rental, lease, or lending.'" *J&J Prods., Inc.*,
2  2012 WL 4936057, at *3 (quoting 17 U.S.C. § 106). To prevail on a claim of copyright
3  infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying
4  of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,*
5  *Inc.*, 499 U.S. 340, 361 (1991).

6  Taking the allegations of the complaint as true, Plaintiff owns a valid copyright of the
7  Photograph (Doc. 1-4), and Defendant "used, published, communicated, posted, publicized, and
8  otherwise held out to the public for commercial benefit" Plaintiff's Photograph, without
9  authorization. (Doc. 1 ¶51). Since Plaintiff adequately stated the elements of a copyright
10 infringement claim, the second and third *Eitel* factors favor granting default judgment.
11 *McDermott v. RYI Unity LLC*, No. 8:23-cv-00927-MCS-JDE, 2023 WL 9418045, at *3 (C.D.
12 Cal. Dec. 19, 2023) (applying *Eitel* factors and awarding default judgment in copyright
13 infringement case).

14 **3. Sum of Money at Stake**

15 Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in
16 relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, F.Supp.2d at 1176-77.
17 "[S]tatutory damages are appropriate in default judgment cases because the information needed to
18 prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v.*
19 *Nop*, 549 F.Supp.2d 1233, 1238 (E.D. Cal. 2008) (internal quotation marks omitted). However,
20 where a large sum of money is at stake, this factor disfavors default judgment. *Eitel*, 782 F.2d at
21 1472.

22 Damages for copyright claims are largely within the Court's discretion. *Peer Int'l Corp.*
23 *v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). Since the Court will recommend
24 reduction of the claimed damages to an amount commensurate with Defendant's alleged
25 misconduct, this factor does not weigh against entry of default judgment. *See Three Lakes*
26 *Design v. Savala*, No. 2:17-cv-01757 MCE CKD (PS), 2019 WL 1979918, at *3 (E.D. Cal. May
27 3, 2019) (recommending reduced award of statutory damages in granting default judgment to
28 copyright owner), *F&R adopted*, 2019 WL 3564051 (E.D. Cal. Aug. 6, 2019).

**4. Possibility of Disputed Material Facts.**

The fifth *Eitel* factor examines whether a dispute exists regarding material facts. *Eitel*, 782 F.2d at 1471-72. Since Defendant is in default, all of Plaintiff's well pleaded factual allegations are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 918 (citing *Geddes*, F.2d at 560). Where, as here, a properly served defendant fails to defend the action, there is little possible dispute of material fact that would preclude the grant of default judgment in Plaintiff's favor. *J&J Prods., Inc.*, 2012 WL 4936057, at *5. This factor weighs in favor of granting default judgment.

**5. Whether the Default was Due to Excusable Neglect**

The sixth *Eitel* factor examines whether a defendant's default was due to excusable neglect. *PespiCo*, 238 F.Supp.2d at 1177; *Eitel*, 782 F.2d at 1471-72. This factor considers due process and requires a court to assess whether defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objection before a final judgment is rendered." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Defendant was served with the summons and complaint. (Doc. 5). In addition, Plaintiff served Defendant with a copy of his motion and supporting papers for default judgment (Doc. 9) but Defendant failed to answer, appear, or file any opposition, seek an extension, or otherwise respond to Plaintiff's motion. Accordingly, this factor favors entry of default judgment. *See J&J Prods., Inc.*, 2012 WL 4936057, at *5.

**6. Policy of Deciding Cases on the Merits**

The seventh *Eitel* factor emphasizes the "general rule that default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." *Id*. (citing *Pena v. Seguros La Comersial*, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Defendant's refusal to participate in this action rendered a decision on the merits impossible. This factor does not weigh against default judgment.

*   *   *   *   *

The Court has considered the *Eitel* factors and finds that the balance of those factors weighs in favor of awarding Plaintiff entry of default judgment against Defendant.

**Remedies**

**1. Damages**

Here, Plaintiff seeks $80,000.00 in statutory damages. The Copyright Act provides in relevant part:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c).

Plaintiff elects to recover statutory damages with respect to the Photograph. (Doc. 9-7 p. 12). "[T]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima*." Peer Int'l Corp*, 909 F.2d at 1336; *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009). Courts have applied the following factors involving the statutory damages provision of the Copyright Act: "restitution of profit, reparation of injury, and deterrence of future infringement." *Symantec Corp. v. Logical Plus, Inc.*, No. C 06-7963 SI, 2010 WL 2330388, at *2 (N.D. Cal. June 4, 2010); *see Phillip Morris USA Inc. v. Shalabi*, 352 F.Supp.2d 1067, 1076 (C.D. Cal. 2004). Courts also consider whether the damages request has a plausible relationship to the plaintiff's actual damages. *See Adobe Sys., Inc. v. Tilley*, No. C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) ("[W]hile the plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, it is not entitled [to] a windfall.")

Plaintiff seeks an award of $80,000 for the infringement of the Photograph over multiple Facebook postings by Defendant, which represents eight times the amount that Plaintiff would have charged for the Photograph had Defendant sought his permission to use it. (Doc. 9-1, Declaration of Michael Stokes ("Stokes Decl.") ¶39; Doc. 9-7 p. 9). However, in his declaration, Plaintiff attests that "there is no amount of money which Defendant could have offered me to

license [the Photograph] to advertise a striptease event or liquor sale event … ." (Stokes Decl. ¶39). Plaintiff further attests that he rarely licenses or sells any photographs because his business does not rely on licensing his original works as he is very selective about approving the use of his photographs. *Id*. ¶8. Instead, Plaintiff's primary interest is to create table-books depicting amputee-veterans in a positive light to serve as an inspiration to others who suffered serious injuries. *Id*. ¶14. Plaintiff also attests that Captain Clark would be very upset and concerned if he became aware that his image and persona was used to advertise a striptease club or event. Plaintiff takes pride in his reputation as a photographer and believes that the use of his work to promote events of a prurient nature would diminish the potential value for his works. *Id*. ¶40.

The Court takes judicial notice of similar copyright infringement actions filed by Plaintiff in other federal courts involving his photography. *E.g., Stokes v. Jerry James, Inc.*, No. CV 22-6708 PA (RAOx), 2023 WL 2347426 (C.D. Cal. Jan. 10, 2023) ("*Jerry James*"); *Stokes v. MilkChocolate NYC LLC*, No. 22 Civ. 6786 (PAE) (RWL), 2023 WL 4447073 (S.D.N.Y July 11, 2023); *Stokes v. Hombres Lounge, Inc.*, No. 19 CV 3434 (LDH) (CLP), 2020 WL 9814097 (E.D.N.Y. Oct. 7, 2020); *Stokes v. TMM Corporation*, No. 3:22-cv-00187-X, 2022 WL 16577862 (N.D. Tex. Nov. 1, 2022); *Stokes v. Gold Prods. Inc.*, No. CIV-22-538-G, 2023 WL 6380009 (W.D. Okla. Sept. 29, 2023) ("*Gold Productions*").

In one of these actions (*Jerry James*), Plaintiff requested $20,000.00 in statutory damages for each of three allegedly infringed copyrighted images. *Jerry James*, 2023 WL 2347426, at *3. The court concluded that Plaintiff's objections to the use of his work to promote the sale of alcohol to be an insufficient basis to approximate his damages. *Id*. The court also found that Plaintiff's concern about the depiction of his models to be "overblown and speculative." *Id*. Ultimately, the court in *Jerry James* found that Plaintiff's request was excessive and instead concluded that damages in the amount of $3,000.00 ($1,000.00 for each of the three infringed works) was appropriate. *Id*. Likewise, in *Gold Productions*, Plaintiff requested $120,000.00 in statutory damages (comprised of $30,000.00 for each photograph infringed upon). *Gold Productions*, 2023 WL 6380009, at *3. The court instead found Plaintiff was entitled to $5,000.00 for each copyrighted photograph, for a total of $20,000.00. *Id*.

It appears that Plaintiff seeks statutory damages mostly for the purpose of deterrence since the $10,000.00 he estimates as the value of the Photograph is a hypothetical figure and not tethered to, for instance, actual sales of the Photograph or lost profits resulting from the infringements. *See Adobe Systems, Inc.*, 2010 WL 309249, at *5-6 (finding requested damages of $50,000 per infringed trademark would constitute a windfall where evidence established only one sale of counterfeit copyrighted software).

Based on the Court's review of Defendant's alleged Facebook posts depicting and infringing the Photograph (Doc. 1-2), it appears the infringement took place on four separate dates in February 2018.  In its award of statutory fees, the Court takes this into consideration as bearing on the expenses saved and possible profits reaped by Defendant and the profits lost by Plaintiff as a result of the infringement.  The Court also takes into account that the Photograph evinces creative and artistic talent as compared to, say, a still photograph of an inanimate object like a piece of jewelry.  *E.g.*, *Three Lakes Designs*, 2019 WL 1979918, at *5 ("Here, due to the relative simplicity of [the infringed photographs], which functioned as a set of images showcasing plaintiff's original jewelry rather than works of independent value and artistic merit, the court finds an award of $12,700 per infringed work to be excessive.").  Additionally, the Court weighs Plaintiff's assertions that the nature of the infringement tarnished his and his photography subject's image and reputation.  (Stokes Decl. ¶¶30-32).

Having considered the above-referenced factors and in balancing an amount of statutory damages that is not punitive but is sufficient to promote deterrence of unlawful conduct, the undersigned recommends that the Court award to Plaintiff $15,000.00 in statutory damages for Defendant's repeated infringement of the Photograph.

**2.     Costs**

Under the Copyright Act, the court in its discretion may allow the recovery of full costs by or against any party. 17 U.S.C. § 505. Court filing and service of process fees are considered reasonable costs. *Strike 3 Holdings, LLC v. Poluk*, No. 2:20-cv-2146-TLN-CKD, 2021 WL 5321824, at *6 (E.D. Cal. Nov. 16, 2021) (finding recovery of $402 filing fee and $491.96 service of process costs to be reasonable).  Here, Plaintiff seeks to recover his filing fee in the amount of

$402.00 and $90.00 for service of process costs. (Doc. 9-3 ¶¶9-11). The undersigned finds these costs reasonable and should be awarded.

**3. Attorney's Fees**

The Copyright Act permits the Court to award reasonable attorney's fees to a prevailing party. 17 U.S.C. § 505. A prevailing party is "[a] party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quotation omitted). The Court uses the "lodestar" method to calculate reasonable attorney's fees in copyright infringement cases. *Intel Corp. v. Terabyte Intern., Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1993). The "lodestar" is calculated by multiplying the number of hours reasonably expended by the prevailing party by a reasonable hourly rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). When determining a reasonable hourly rate, the relevant community is the forum in which the district court sits. *Id*. (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). It is Plaintiff's "burden of establishing entitlement to an award" of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). That is, Plaintiff "has the burden of producing satisfactory evidence, in addition to the affidavits of [Plaintiff's] counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonable comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff requests an award of $5,950.00 in attorney's fees. (Doc. 9-3 ¶¶12-17; Doc. 9-5). In support of the requested award, Plaintiff proffers the relevant attorney billing invoices annexed to the declaration of Attorney Craig B. Sanders, who attests that he has 26 years of experience and requests payment for 3.5 hours spent at a rate of $750 per hour. According to Mr. Sanders, Attorney Jonathan Cader has 15 years of experience and requests payment for 5.5 hours spent at a rate of $500 per hour. Paralegal Ronald Li requests payment for $575 for 4.6 hours spent for a rate of $125 per hour. Plaintiff's motion includes a 2017 survey by the American Intellectual Property Law Association (Doc. 9-6) of attorney billing rates that provides rates from certain larger metropolitan regions, including from Los Angeles, for the litigation of intellectual property cases. However, Plaintiff's submissions do not provide evidence supporting that the requested

1   billing rates are reasonable as compared to the forum district (the Eastern District of California).

2   Since Plaintiff has not proffered a survey or other evidence of billing rates for prosecuting
3   copyright infringement claims in California's central valley, the Court is left to determine what
4   rates are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("To inform and assist
5   the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory
6   evidence – in addition to the attorney's own affidavits – that the requested rates are in line with
7   those prevailing in the community for similar services by lawyers of reasonably comparable skill,
8   experience and reputation.")

9   Another judge of this court previously found that $275 an hour was a reasonable rate for a
10  partner and $175 an hour a reasonable rate for an associate in an "uncomplicated" copyright
11  infringement case. *See Animal Blood Bank, Inc. v. Hale*, No. CIV-S-10-2080-KJM-KJN, 2013
12  WL 12305504, at *1 (E.D. Cal. Aug. 27, 2013) (citing *Broadcast Music Inc. v. Antigua Cantina
13  & Grill*, No. 2:12–cv–1196 KJM DAD, 2013 WL 224641, at *1 (E.D. Cal. May 21, 2013)).
14  While the undersigned acknowledges this authority is approximately ten years old and that billing
15  rates in the field of intellectual property litigation undoubtedly have increased since the opinion
16  was issued, without evidence from the Plaintiff, the Court will rely on this caselaw and apply a
17  modest increase to account for the passage of time and inevitable increase in rates.  Given the
18  relevant lawyers' experience level, that Court concludes that a rate of $350 per hour for partner
19  and $225 for senior associate is reasonable. *See Renova Energy Corp. v. Cuevas*, No. 1:22-cv-
20  00999-JLT-EPG, 2024 WL 245116, at *7 (E.D. Cal. Jan. 23, 2024) (finding $350 an hour to be a
21  reasonable rate for attorney with 20 years of experience), *F&R adopted,* 2024 WL 524448 (E.D.
22  Cal. Feb. 9, 2024).  For paralegals, the current reasonable hourly rate ranges from $75 to $150,
23  depending on experience. *Project Sentinel v. Komar*, No. 1:19-cv-00708-DAD-EPG, 2021 WL
24  1346025, at *21 (E.D. Cal. Apr. 12, 2021).  Accordingly, the Court will apply a rate of $100 per
25  hour for paralegal time.

26  Turning to the hours reasonably expended, the Court finds that the 13.6 hours reportedly
27  billed to Plaintiff are reasonable. Accordingly, the Court recommends that Plaintiff be entitled to
28  $1,225 for the time expended by Attorney Sanders (3.5 times $350); $1,237.5 for the time spent

by Attorney Cader (5.5 times $225); and $460 for the time spent by Paralegal Li (4.6 times $100) for a total of $2,922.50 in attorney fees.[2]

**Findings and Recommendation**

Accordingly, IT IS HEREBY ORDERED that within three (3) days, Plaintiff shall serve a copy of these findings and recommendations on Defendant at its registered or last known address and file proof of service of same.

And IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment (Doc. 9) be **GRANTED,** in part, as specified below:

    a. Judgment be entered in favor of Plaintiff Michael Stokes against Defendant Amen Corporation.

    b. Plaintiff be awarded statutory damages in the amount of $15,000.00.

    c. Plaintiff be awarded attorneys' fees of $2,922.50 plus $492 in costs.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2024**                               _____
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Although Plaintiff's complaint seeks additional relief, including an injunction and pre-judgment interest, neither Plaintiff's motion for default judgment nor the proposed order mention these forms for relief, and accordingly, the undersigned does not recommend issuing such relief.

12